IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TALLIE R. and MILLIE R. TOOTLE | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 5:22-cv-00201_____ |
| LIBERTY MUTUAL PERSONAL | § | |
| INSURANCE COMPANY | § | |
| Defendant. | § | |

## DEFENDANT LIBERTY MUTUAL PERSONAL INSURANCE COMPANY'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant Liberty Mutual Personal Insurance Company ("Liberty Mutual PIC") files this Notice of Removal pursuant to 28 U.S.C. §1446(a) and respectfully shows the following:

### *Procedural Background*

1.     On January 25, 2022, Plaintiffs Tallie R. and Millie R. Tootle ("Plaintiffs") filed their Original Petition styled *Tallie R. & Millie R. Tootle v. Liberty Mutual Personal Insurance Company;* Cause 22-050; In the 451st Judicial District Court, Kendall County, Texas.[1]

2.     Service of suit upon Liberty Mutual PIC's registered agent occurred on February 4, 2022, and Liberty Mutual timely answered thereafter on February 25, 2022.[2]

3.     Liberty Mutual PIC now timely files this Notice of Removal within thirty (30) days of service of suit.

---

[1] *See* Exhibit A, Plaintiffs' Original Petition at page 1.
[2] *See* Exhibit A, Liberty Mutual Personal Insurance Company's Original Answer.

*Nature of the Suit*

4.     This lawsuit involves a dispute over Liberty Mutual PIC's handling of Plaintiffs' insurance claim for damages allegedly caused by a severe weather event occurring on or about May 3, 2021 at Plaintiffs' property located at 7 Alba Lane, Boerne, Texas 78006.  Plaintiffs assert causes of action against Liberty Mutual PIC for breach of contract and noncompliance with Chapter 542 of the Texas Insurance Code.  Plaintiffs seek damages, including regaining the benefit of the bargain (the amount of the claim), attorney's fees, statutory interest, costs, interest on the judgment, and pre-judgment interest.

*Basis for Removal*

5.     Removal is proper under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the proper parties to the suit and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6.     Upon information and belief, Plaintiffs were each a citizen of Texas when the Petition was filed, and each continue to be a citizen of Texas.

7.     At the time Plaintiffs' Original Petition was filed in State District Court on January 25, 2022 naming Liberty Mutual PIC as Defendant, and as of the date of filing this Notice, Liberty Mutual Personal Insurance Company was and is not a citizen of the State of Texas for diversity jurisdiction purposes.  Liberty Mutual is a company organized under the laws of the State of New Hampshire, with its principal place of business at 175 Berkeley Street, Boston, Massachusetts.  Accordingly, complete diversity exists between Plaintiffs and Liberty Mutual PIC.

8.     Further, this Court has diversity jurisdiction over this matter because the amount in controversy will likely exceed $75,000, exclusive of interest and costs.  Plaintiffs have pled their

damages are $250,000 or less.[3]  Consistent with the amount sought in the Petition, this dispute will likely exceed the amount in controversy required for diversity jurisdiction pursuant to 28 U.S.C. §1332.

9.      In addition, in determining the amount in controversy, the court may consider "policy limits and potential attorney's fees, penalties, statutory damages."[4]  Here, Plaintiffs claim severe weather caused damages to their property that Plaintiffs insured through Liberty Mutual PIC.[5]  Plaintiffs seek damages for Liberty Mutual PIC's alleged failure to pay them what was owed under the terms of the insurance contract.[6]  The Policy at issue for the reported date of loss is a Liberty Guard Deluxe Homeowners Policy with coverage limits of $481,000 for the dwelling, $48,100 for other structures, and $288,600 for personal property.

10.     In addition, Plaintiffs seek actual damages, statutory interest, and attorney fees.[7] Plaintiffs also seek attorney fees for bringing this suit.[8]  Plaintiff's pre-suit demand letter attached an estimate for damages to Plaintiffs' property from the loss in question in the amount of $65,479. In factoring in Chapter 542 interest and attorney fees, the amount in controversy easily exceeds

---

[3] *See* Exhibit A, Plaintiffs' Original Petition at page 6.
[4] *St. Paul Reinsurance Co., Ltd v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds*, 1999 WL 151667 (N.D. Tex. Mar. 10, 1999) at *2-3 (finding a sufficient amount in controversy in Plaintiffs' case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co., et. al.*, 75 F. Supp. 2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Insurance Exchange*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages); *see also Waldon v. Stonebridge Life Ins. Co.,* 2013 WL 12090036 (W.D. Tex. Oct. 8, 2013) at *1 (" In ascertaining the amount in controversy, a court may consider policy benefits, potential attorney's fees, as well as penalties, statutory damages, and punitive damages the insurer could be liable for under state law." (citing *St. Paul,* 134 F.3d at 1253)).
[5] *See* Exhibit A, Plaintiffs' Original Petition at page 2.
[6] *See* Exhibit A, Plaintiffs' Original Petition at page 3.
[7] *See* Exhibit A, Plaintiffs' Original Petition at pages 5-6.
[8] *See* Exhibit A, Plaintiffs' Original Petition at page 5.

$75,000. Thus, given the plain language of the pleading, the Policy involved in Plaintiffs' claim, the nature of Plaintiffs' claim, and the types of damages sought, it is more likely than not that the amount in controversy exceeds the federal jurisdictional minimum of $75,000.

11.     Based on the Policy's coverage limits and the damages alleged, it would be legally possible for Plaintiffs to obtain a recovery of at least $75,000.00.

### The Removal is Procedurally Correct

12.     Liberty Mutual PIC was first served with Plaintiffs' Original Petition in District Court on February 4, 2022. Therefore, Liberty Mutual PIC filed this Notice of Removal within the 30-day time period required by 28 U.S.C. §1446(b).

13.     Venue is proper in this district under 28 U.S.C. §1446(a) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in this district.

14.     Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice as Exhibit A.

15.     Pursuant to 28 U.S.C. §1446(d), promptly after Liberty Mutual PIC files this Notice, written notice of the filing of this Notice of Removal will be given to Plaintiffs, the adverse party.

16.     Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice will be filed with the District Clerk for 451st Judicial District Court for Kendall County, Texas, promptly after Liberty Mutual files this Notice.

WHEREFORE, Defendant Liberty Mutual Personal Insurance Company requests that this action be removed from the 451st Judicial District Court of Kendall County, Texas to the United

States District Court for the Western District of Texas, San Antonio Division, and that this Court

enter such further orders as may be necessary and appropriate.

Respectfully submitted,

LINDOW ▪ STEPHENS ▪ SCHULTZ LLP
One Riverwalk Place
700 N. St. Mary's St., Suite 1700
San Antonio, Texas 78205
Telephone:     (210) 227-2200
Facsimile:      (210) 227-4602
dstephens@lsslaw.com
rramos@lsslaw.com

By: _____

David R. Stephens
State Bar No. 19146100
Roland D. Ramos
State Bar No. 24096362

COUNSEL FOR DEFENDANT LIBERTY
MUTUAL PERSONAL INSURANCE COMPANY

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Notice of Removal was filed electronically with the United States District Court for the Western District of Texas – San Antonio Division, with notice of case activity to be generated and sent electronically by the Clerk of the Court with ECF notice being sent and via email on the **3rd day of March, 2022**, addressed to those who do not receive notice from the Clerk of the Court.

Sandrine Shelton-Denbow
Shannon E. Loyd
LOYD & POLLOM, P.L.L.C.
12703 Spectrum Drive, Suite 201
San Antonio, Texas 78249
shannon@lp-lawfirm.com
sandrine@lp-lawfirm.com

_____
David R. Stephens/ Roland D. Ramos